## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CRISTOBAL SANCHEZ, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 13 C 5615 |
| EL PUEBLITO, INC. and MARIA PATRICIA ESPINOZA, individually | ) ) ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Gilbert |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiff moves this Court for an order:

- Barring Defendants from seeking discovery relating to Plaintiff's immigration status;

- Barring Defendants from seeking discovery relating to Plaintiff's tax reporting; and

- Barring Defendants from seeking discovery relating to Plaintiff's personal banking and financial information.

Plaintiff also requests an award of attorneys' fees and costs associated with the filing of this Motion. In support of this Motion, Plaintiff states as follows:

### I.  INTRODUCTION

This case arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees overtime pay for all time they worked in excess of forty (40) hours in one or more individual workweeks. Plaintiff filed his Complaint and consent to act as Representative Plaintiff on August 6, 2013. ECF Nos. 1, 1-1.

On November 7, 2013, the Court set a discovery schedule requiring the Parties to serve written discovery by December 19, 2013. ECF No. 24. Plaintiff served written discovery on Defendants on December 19, 2013. On January 17, 2014, Defendants' counsel contacted Plaintiff's counsel and requested an additional fourteen days to serve and answer written discovery. Defendants' counsel simultaneously filed a motion with the Court for an extension of time to complete discovery, ECF No. 26, which the Court granted on January 29, 2014. ECF No. 29. Defendants served Plaintiff with a corrected version of their written discovery on January 27, 2014.

On January 28, 2014, Plaintiff's counsel notified Defendants that a number of their discovery requests were improperly intrusive, harassing, and not likely to lead to the discovery of admissible evidence. *See* Letter from Sarah Arendt to Jesus Ricardo Rivera, Jan. 28, 2014, attached hereto as Exhibit A. Specifically, the discovery requests in dispute seek:

- **Document Request No. 2:** True, correct and complete copies of all of Federal Income Tax Returns and State Income Tax Returns, together with all schedules and attachments filed or prepared from 2010 through the date of production.

- **Document Request No. 3:** True, correct and complete copies of all of Federal Income Tax Returns and State Income Tax Returns, together with all schedules and attachments filed or prepared from 2010 through the date of production.

- **Document Request No. 4:** True and correct copies of all personal financial statements or similar documents submitted to any banks, persons or financial institutions at any time for the period January 1, 2000 through the date of production.

- **Document Request No. 5:** True, correct and complete copies of all amended tax returns for any income tax returns requested in this Rider.

- **Document Request No. 6:** All canceled checks, deposit slips, automatic teller machine (ATM) receipts, debit and credit memos, withdrawal slips or memoranda, check registers and bank statements for any and all accounts, with any banks or other institutions holding money or assets, foreign or domestic, whether in the nature of check, savings or money market funds, wholly or partly in the name of Affiant or over which Affiant has or had a right of withdrawal or check signing power at any time during the period of January 1, 2010 through the date of production. If any accounts are savings accounts, then respondent shall

produce all savings account passbooks. In the event any accounts are certificates of deposit, then respondent shall produce certificates of deposit.

- **Document Request No. 10:** Provide a true copy of his driver's license, social security card, passport and all other form[s] of identification.

- **Interrogatory No. 1:** State your full name, current address, date of birth and social security number / Tax Identification Number.

- **Interrogatory No. 4:** During the preceding four years, have you had any account or investment in any type of financial institution, individually or with another or in the name of another, including checking accounts, savings accounts, certificates of deposit and money market accounts? If so, with regard to each such account or investment, state the following:
    a. The type of account or investment;
    b. The name and address of the financial institution;
    c. The name and address of each person in whose name the account is held; and
    d. Both the high and low balance of the account or investment, stating the date of the high balance and the date of the low balance.

Plaintiff asked Defendants to withdraw a total of two interrogatories and six document requests that intrusively probed into Plaintiff's immigration status, tax reporting, and personal finances, and to confirm the withdrawal of those requests by February 11, 2014. When Defendants' counsel failed to respond by February 11, 2014, Plaintiff's counsel reiterated the request and asked Defendants to confirm the withdrawal of the disputed discovery requests by February 14, 2014. After the Parties discussed the issue during a phone call on February 25, 2014, Defendants' counsel agreed to withdraw document request nos. 2, 3, and 5, and interrogatory no. 1 with regard to Plaintiff's social security number, only. *See* Email from Jesus Ricardo Rivera to Sarah Arendt, Feb. 25, 2014, attached hereto as Exhibit B.

Plaintiff has complied with Local Rule 37.2 and the Parties have reached impasse with regard to Plaintiff's request to withdraw the remaining disputed discovery requests.

## II.  APPLICABLE LEGAL STANDARD

Under Rule 26(c), upon a showing of good cause by the moving party, a court may

3

intervene and impose a protective order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed R. Civ. P. 26(c). Once such a burden is met by a moving party, a court may then submit a protective order to provide for the limitation or elimination of that discovery request. *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). The burden is upon the moving party to make a "particular and specific demonstration of fact" in order to demonstrate good cause. *Id*.

### III. ARGUMENT

#### A. Discovery Related to Immigration Status is Improper and Should Not Be Allowed

Immigration status is not relevant in an action for unpaid wages under the FLSA and IMWL. *See Nieves v. OPA, Inc.*, 948 F.Supp.2d 887, 893 (N.D. Ill. 2013)("[T]he immigration status of a party is not a line of inquiry that is reasonably calculated to lead to the discovery of admissible evidence in an action brought for unpaid wages under the FLSA because undocumented workers are not exempted from the definition of 'employee' in the FLSA.") citing *Villareal v. El Chile,* 266 F.R.D. 207, 214 (N.D. Ill. 2010) ("discovery regarding plaintiffs' immigration status is not relevant to any claim or defense"); *Flores v. Albertsons, Inc.*, No. CV0100515AHM(SHX), 2002 WL 1163623, at *5 (C.D. Cal. Apr. 9, 2002)("Federal courts are clear that the protections of the FLSA are available to citizens and undocumented workers alike.")[1]; *Patel v. Quality Inn South*, 846 F.2d 700, 705-706 (11th Cir. 1988). And courts uniformly grant protection to plaintiffs in FLSA cases from inquiries that touch on immigration status because they recognize the chilling effect such discovery has on the very workers who are most likely to need the protection of the Act. As Judge Kendall noted when granting Plaintiffs'

---

[1] Pursuant to the Court's standing order, copies of all unpublished cases are attached hereto as Exhibit C.

4

motion for a protective order barring inquiring into Plaintiffs' immigration status in *Nieves*:

> "[A]llowing this discovery could have a pronounced chilling effect with respect to parties filing FLSA claims because aggrieved parties would not file otherwise valid claims due to the fear of potential deportation if their employer could use discovery to determine their true status and then report it to the Immigration and Naturalization Services. . . . Permitting such discovery would incentivize employers to hire undocumented workers and then refuse to pay legal wages because they could quash future litigation by threatening the undocumented workers' ability to remain in the United States if they pursued any such litigation. This runs contrary to the purpose of the FLSA and should not be allowed."

*Nieves,* 948 F.Supp.2d at 892; *See also Flores v. Amigon*, 233 F. Supp. 2d 462, 464 (E.D.N.Y. 2002)(to permit such discovery would create the "danger of intimidation, the danger of destroying the cause of action, and would inhibit plaintiffs in pursing their rights" because plaintiffs would fear deportation).

Here, Defendants have inquired into Plaintiff's immigration status through harassing discovery requests seeking his social security card, passport, and driver's license. These requests are unquestionably intended to probe into Plaintiff's immigration status and are therefore not reasonably calculated to lead to the discovery of admissible evidence. Thus, Defendants should be barred from seeking discovery on matters relating to Plaintiff's immigration status.

    **B.**  **Discovery Related to Tax Reporting is Improper and Should Not Be Allowed**

Just as discovery relating to immigration status is irrelevant to Plaintiff's claims, so is discovery relating to Plaintiff's state or federal tax reporting. While Defendants have agreed to withdraw document requests related to Plaintiff's tax filings, Defendants refuse to withdraw the portion of interrogatory no. 1 seeking Plaintiff's tax identification number. Thus, Plaintiff believes Defendants will continue to seek written and oral discovery related to Plaintiff's tax filings.

Whether Plaintiff met his tax reporting obligations is separate and apart from any claim

or defense in this case. Instead, the only reason Defendants seek discovery on the subject is to probe improperly into Plaintiff's immigration status or to otherwise abuse and harass Plaintiff with questioning that is completely irrelevant to Plaintiff's overtime claims or Defendants' defenses. *See Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499 (W.D. Mich. 2005)(finding a discovery request for plaintiffs' tax returns, including forms W-2 and 1099, was intended to uncover plaintiffs' immigration status). And Defendants should already be in possession of any W-2 or 1099 forms sought from Plaintiff. Because Defendants' discovery requests concerning Plaintiff's tax reporting information are just thinly-veiled attempts to determine Plaintiff's immigration status, Defendants should be barred from seeking such information in discovery. *See Acevedo v. Ace Coffee Bar,* Case No. 07 C 4091, Order Dated April 9, 2008 (N.D. Ill. 2008)(barring discovery on plaintiffs' federal, state, and local W-2, W-4 or 1099 forms and bank statements); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F. Supp. 2d 746 (D. Md. January 14, 2008)(barring discovery on immigration status and tax information).

  **C.**  **Discovery Related to Personal Banking and Financial Information is Improper and Should Not Be Allowed**

Finally, this Court should bar Defendants from seeking discovery concerning Plaintiff's checking, savings and any other bank accounts, personal financial statements, canceled checks, deposit or withdrawal slips, ATM receipts, debit or credit memos, check registers, bank statements, savings account passbooks, certificates of deposit, or any other information related to Plaintiff's personal banking and financial activity. Plaintiff's personal financial status has no bearing on whether Defendants unlawfully failed to pay him overtime. "The relevance of income from other jobs, and especially unearned sources of income, bears no relevance to determining whether Defendants are liable to Plaintiffs under the FLSA." *Rafeedie v. L.L.C., Inc.,* No. A-10-CA-743 LY, 2011 WL 5352826, at *3 (W.D.Tex. Nov. 7, 2011)(barring defendant's discovery

6

requests for plaintiffs' financial information, including bank and credit card statements). And because financial institutions require their customers to show proof of identity, Defendants' discovery requests concerning Plaintiff's personal banking and financial information are yet another harassing attempt to probe into Plaintiff's immigration status. Defendants should therefore be barred from seeking discovery concerning Plaintiff's personal banking activity and financial status. *See Acevedo,* Case No. 07 C 4091, Order Dated April 9, 2008 (N.D. Ill. 2008).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff asks this Court to grant this Motion and enter an order:

- Barring Defendants from written and oral discovery relating to Plaintiff's immigration status;

- Barring Defendants from written and oral discovery relating to Plaintiff's tax reporting;

- Barring Defendants from written and oral discovery relating to Plaintiff's personal banking and financial information;

- Ordering Defendants to pay Plaintiff's reasonable attorneys fees and costs incurred in filing this motion; and

- Granting such further relief as this Court deems necessary and just.

Respectfully Submitted,

Date: February 27, 2014

s/Douglas M. Werman
Attorney for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
David E. Stevens (dstevens@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, IL 60602
(312) 419-1008